THE LAW OFFICE OF BRIAN HEADY, INC.
205 E. Benson Blvd., Ste. 307
Anchorage, Alaska 99503
907-868-1932/office
907-868-1942/fax
bheady@headylawoffice.com
Attorney for Defendant, Natalie Beyeler

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **DEFENDANT'S** ) **SENTENCING** ) **MEMORANDUM** |
| NATALIE BEYELER, | ) ) |
| Defendant. | ) Case No. 0090 1:24CR00100-001 ) |

**SUMMARY OF SENTENCING RECOMMENDATION**

**Probation:**            18 months on each of Counts 1 and 2, to run concurrently

**Special Assessment:**   $10 per count

**Restitution:**          $500 to the Architect of the Capitol

Defendant, Natalie Beyeler, by and through counsel Brian Heady, hereby submits her sentencing memorandum.  Sentencing is scheduled for November 18, 2024 before the Honorable Ana C. Reyes, United States District Judge for the District of Columbia.  For the reasons set forth below, Ms. Beyeler requests that the Court impose a probation term consisting of 2 years on each of Counts 1 and 2, to run concurrently.

**I.  OBJECTIONS**

Ms. Beyeler has no unresolved objections to the PSR.

**II.  SENTENCING FACTORS**

  A.  <u>The U.S. Sentencing Guidelines Are Not Applicable</u>

The two counts of conviction are Class B Misdemeanors; therefore, the U.S. Sentencing Guidelines are not applicable.

This case is the first time Ms. Beyeler has ever been involved in criminal activity. She has been a law-abiding citizen her entire life. Given that this is Ms. Beyeler's first brush with the law, and considering her outstanding personal history, characteristics, and accomplishments, a probation sentence is an equitable resolution in this case.

  B.  <u>Sentencing Goals under *Booker* and 18 U.S.C. § 3553(a)</u>

Under *United States v. Booker*, 543 U.S. 220 (2005), the court must consider the other directives set forth in 18 U.S.C. § 3553(a). Under *Booker*, courts are directed to treat the guidelines as just one of a number of sentencing factors. Despite the inapplicability of the Guidelines to Ms. Beyeler's case, Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes of sentencing are:

  A. To reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the defense;

  B. To afford adequate deterrence to criminal conduct;

  C. To protect the public from further crimes of the defendant; and

D. To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.[1]

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

1. <u>Nature and Circumstances of the Offense</u>

The plea agreement provides the following Elements of the Offenses to which Ms. Beyeler knowingly and voluntarily admits. Docket 6, pg. 13.

> The parties agree that 40 U.S.C. § 5104(e)(2)(D) requires the following elements:
> a. The defendant engaged in disorderly or disruptive conduct at any place in the Grounds or in any of the Capitol Buildings;
> b. The defendant engaged in such actions with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House and Congress; and
> c. The defendant acted willfully and knowingly.
>
> Title 40 U.S.C. § 5101, defines "Capitol Buildings" as including "the United States Capitol."
> The parties agree that 40 U.S.C. § 5104(e)(2)(G) requires the following elements:
> a. The defendant paraded, demonstrated, or picketed in any of the Capitol Buildings; and
> b. The defendant did so willfully and knowingly.

---

[1] *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).

2. History and Characteristics of the Defendant

Natalie Beyeler is 70 years old. Until her involvement in this offense, she was a law-abiding citizen and continues to be a remarkable person who has contributed greatly to society in her numerous endeavors. Unquestionably, Natalie is a talented and caring individual.

Natalie comes from a loving, close, and supportive family. She had a storybook upbringing, growing up in a small town in rural Pennsylvania and spending most of her time outdoors biking or playing in the woods. Her family regularly took camping and canoeing trips together, and she often helped out at the general store in town, owned by her grandmother.

Natalie has always been a hard worker. In 1984, she graduated from medical school and currently maintains licensure as an osteopathic physician in the State of Alaska.

Natalie cultivates close and supportive relationships with her family, despite the long distances between them; most of her family members reside in the Lower 48 states. Her mother, along with her sister and a nephew, have significant health issues and Natalie serves as their primary care doctor. Natalie manages her own physical health issues, including a diagnosis of rheumatoid arthritis, a traumatic brain injury in 2021, and recent surgeries on her shoulder and hand. In 1989, Natalie opened her heart to a foster daughter with whom she remains extremely close and supportive. In addition to extending care to her numerous family members, Natalie maintains a thriving and successful medical

practice with a wide client basis who for years have relied on her care and expertise for their various medical needs.

Natalie's father, now deceased, was a retired World War II veteran. Natalie also proudly served her country. From June 1984, upon graduating from medical school, to her honorable discharge in June 1989, Natalie served in the U.S. Army and achieved the rank of Captain.

3. Kinds of Sentences Available

Natalie cooperated fully with law enforcement agents during the investigation of this case. The likelihood of Natalie "re-offending" in any way, shape, or form is extremely unlikely. This arrest and her subsequent navigation through the criminal justice system have been incredibly stressful, traumatic, and mortifying for her. Natalie is both ashamed of and embarrassed by her actions in this offense. At 70 years old, she is anxious to get this case behind her and move on with her life.

Imposition of a term of probation sufficiently addresses the factors set forth in Section 3553(a)(2)(A)-(D). This supervisory sentence provides just punishment, affords adequate deterrence, and protects the public.

4. Restitution

Ms. Beyeler agreed as part of the plea agreement in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

### III.    RECOMMENDED SENTENCE

A. Probation

The defense respectively recommends a sentence of 18 months probation on each of Counts 1 and 2, to run concurrently.

B. Special Assessment

A special assessment is mandated, in the amount of ten dollars ($10.00) per count.

C. Restitution

As previously noted, Ms. Beyeler agreed as part of the plea agreement in this matter to pay restitution to the Architect of the Capitol in the amount of $500.

Respectfully submitted this 7th day of November, 2024 at Anchorage, Alaska.

                                        s/Brian Heady
                                        Attorney for Defendant,
                                        Natalie Beyeler
                                        Alaska Bar No. 0709051

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2024, a copy of the foregoing was served electronically on:

Alexandra Foster
Kira Anne West

s/ Brian Heady